IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00479-BNB

DAVID L. ANDERSON,

      Applicant,

v.

RENEE GARCIA,

      Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, David L. Anderson, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institute in Englewood, Colorado.  Mr. Anderson, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 requesting that he be immediately released because the 3B1.1 enhancement to his sentence is unwarranted.  The Court must construe the Application liberally because Mr. Anderson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

Mr. Anderson pleaded guilty to one count of conspiracy to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a), and 841(b) in the United States District Court for the Western District of Michigan (Western District of Michigan).  *See United States v. Anderson*, No. 02-cr-00038, ECF Nos. 103 and 148

(W.D. Mich. Oct. 1, 2003).  Mr. Anderson filed a 28 U.S.C. § 2255 motion on October

12, 2004.  *Id.* at ECF No. 152.  The Western District of Michigan denied the motion

finding, in part, that Mr. Anderson's sentencing claims were procedurally defaulted and,

in part, that his ineffective assistance of counsel claims lacked merit.  *See id.* at ECF

No. 179.  The Sixth Circuit dismissed the appeal of the denial of the § 2255 motion as

untimely.  ECF No. 197.  Shortly thereafter, Mr. Anderson filed an application under 28

U.S.C. § 2241 in the Western District of Michigan.  *See Anderson v. Rios*, No. 08-cv-

00986-JTN-ESC (W.D. Mich. Sept. 22, 2010).  The court construed the § 2241

application as a successive § 2255 motion and transferred the motion to the Sixth

Circuit.  *Id.* at 18.  The Sixth Circuit denied the motion finding that Mr. Anderson did not

state a new rule of constitutional law or new evidence as required under 28 U.S.C.

§ 2255(h).  *In re Anderson*, No. 10-2227 (6th Cir. June 1, 2011).

Subsequently, Mr. Anderson filed a motion for sentence reduction pursuant to 18

U.S.C. §  3582(c)(2).  ECF No. 200.  The sentencing court found Mr. Anderson ineligible

for a sentence reduction.  ECF No. 201.  Mr. Anderson then filed a motion for relief

pursuant to Fed. R. Civ. P. 60(b)(3-6).  ECF No. 206.  The court construed the Rule

60(b) motion as a § 2255 motion, found the motion successive, and transferred the

motion to the Sixth Circuit for disposition in accordance with 28 U.S.C. § 2255(h).  *In re*

*Anderson*, No. 11-2370 (6th Cir. Dec. 15, 2011).  The Sixth Circuit dismissed the action

for want of prosecution.  *Id.*  Mr. Anderson then filed another request for authorization to

file a successive § 2255 motion, but the Sixth Circuit denied the request because Mr.

Anderson failed to cite a new rule of constitutional law or present new evidence to show

that he would not have been found guilty.  *In re Anderson*, No. 12-1082 (6th Cir. Sept.

2

20, 2012).

Mr. Anderson seeks relief in this Court under 28 U.S.C. § 2241.  He raises one claim of innocence, asserting that he is actually innocent of the Sentencing Statute 3B1.1, because the government coerced him to plead guilty to an alleged fight with a victim, which erroneously resulted in his presentence report stating he played a manager role in a conspiracy because he had engaged in a fight and fronted drugs.  Mr. Anderson contends that he has attempted to have his claim heard through various motions, but the courts have blocked his attempts by wrongly construing his claims as second and successive § 2255 motions and not allowing him to fully develop his claims.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255.  Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention."  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).  The narrow reading of the savings clause is well established in the Tenth Circuit.  *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).  Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion.  *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ( The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the

sentencing court has been abolished, refuses to consider the § 2255 motion,

inordinately delays consideration of the § 2255 motion, or is unable to grant complete

relief. *See Caravalho*, 177 F.3d at 1178. Mr. Anderson does not assert any of these

circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate

and ineffective is where the gate-keeping language of § 2255 bars retroactive

application of a Supreme Court case that does not state a new rule of constitutional law

but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F.

App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v.*

*United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus

application pursuant to § 2241 on a showing of actual innocence)). The Tenth Circuit,

however, has explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 636 F.3d

at 593-94. Furthermore, both the erroneous circuit foreclosure test, *see In re*

*Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, are

rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to

§ 2241. *Prost*, 636 F.3d at 593-94.

Finally, Mr. Anderson bears the burden of demonstrating that the remedy in

§ 2255 is inadequate or ineffective. *Id.* at 584. "[A] prisoner can proceed to § 2241 only

if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the

[applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 636 F.3d at 587.

The sentencing court's denial of Mr. Anderson's first § 2255 motion on the merits, the

construing of his Rule 60(b) motion and § 2241 application as successive

§ 2255 motions, and the transferring his filings to the Sixth Circuit for review, do not

4

demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  *See*

*Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks

upon criminal convictions, no matter how they are characterized by a litigant, are

properly governed by the same considerations which underlie habeas corpus

proceedings.").  "Failure to obtain *relief* under § 2255 does not establish that the *remedy*

so provided is either inadequate or ineffective."  *See Bradshaw*, 86 F.3d at 166 (quoting

*Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).   Furthermore, the Sixth

Circuit's refusal to authorize the filing of second or successive § 2255 motions does not

make a § 2255 motion inadequate or ineffective.  *Bradshaw*, 86 F.3d at 166.

Nothing Mr. Anderson asserts supports a finding that his initial § 2255 motion

was inadequate or ineffective.  Mr. Anderson challenged his sentencing enhancement in

his initial § 2255 motion.  To the extent he now claims a  3B1.1 enhancement to his

sentence is unwarranted and the claim is different than his sentencing enhancement

claim in his initial § 2255 motion, he still could have raised the 3B1.1 enhancement

claim in the initial motion.  Mr. Anderson, therefore, "cannot demonstrate that § 2255's

remedy is 'inadequate or ineffective' to test the legality of his detention merely because

the law-of-the-case doctrine may have barred reconsideration of his claim."  *See*

*Abernathy v. Wandes*, — F.3d —, 2013 WL 1397270, at *10  (10th Cir. Apr. 8, 2013).

Therefore, the Application is dismissed for lack of statutory jurisdiction.  *Id.* at *14.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied

for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr.

Anderson files a notice of appeal he must also pay the full $455 appellate filing fee or

file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in

accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because

Mr. Anderson fails to assert that his remedy in the United States District Court for the

Western District of Michigan is ineffective and inadequate.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this  18th  day of ___April___, 2013.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court