IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00479-LTB

DAVID LEMAR ANDERSON,

    Applicant,

v.

RENEE GARCIA,

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the "Response to the Government's Reply Regarding Applicant's 2241," ECF No. 11, filed by Applicant, David Lemar Anderson, a *pro se* prisoner litigant, on May 17, 2012. Mr. Anderson is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. The Court must construe the Response liberally because Mr. Anderson is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although Mr. Anderson has titled the pleading as a response, he is seeking reconsideration of the Order of Dismissal and Judgment entered on April 18, 2013. For the reasons stated below, the Court will construe the Response as a Motion to Reconsider filed pursuant to Fed. R. Civ. 59(e) and deny the Motion.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment

pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Anderson's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on April 18. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the time limitation set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

After review of the Motion to Reconsider and the entire file, the Court finds that Mr. Anderson fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action. The Motion to Reconsider, therefore, will be denied. Accordingly, it is

ORDERED that Mr. Anderson's Motion to Reconsider, ECF No. 11, is denied.

DATED at Denver, Colorado, this  23rd  day of    May           , 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court